### MID-SOUTH TOWING COMPANY, Petitioner,

v.

### NATIONAL LABOR RELATIONS BOARD, Respondent.

### No. 20165.

United States Court of Appeals, Eighth Circuit.

Jan. 13, 1971.

Thomas M. Hanna, McMahon & Berger, St. Louis, Mo., for petitioner.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Abigail Cooley Baskir, Melvin O. Monzack, Attys., N.L.R.B., for respondent.

Before GIBSON and BRIGHT, Circuit Judges, and McMANUS, Chief District Judge.

PER CURIAM.

Petitioner-employer Mid-South Towing Company requests this court to set aside an order of the National Labor Relations Board which determined that it had committed unfair labor practices in violation of §§ 8(a) (1) and 8(a) (3) of the National Labor Relations Act during a campaign by the Union [1] to organize petitioner's employees. The Board cross-applies for enforcement of its order which is reported at 177 N.L.R.B. No. 123, 71 L.R.R.M. 1603 (1969). Petitioner engages in the interstate trans-

---

1. Marine Officers Association, Local 54, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America.

portation of freight by boat on the Mississippi and Ohio Rivers. Our jurisdiction arises under §§ 10(e) and (f) of the Act.

In its decision, the Board determined that the employer's conduct interfered with, restrained and coerced its employees in exercising their rights of self-organization guaranteed by § 7 of the Act. The Board found the following facts as violative of § 8(a) (1) of the Act.

(1) Tugboat captain Harry Lewis warned deckhand Alvin Mansfield of possible discharge if the latter continued union organizational activity.

(2) Assistant port engineer John Snyder, whom the Board found to be a company supervisory employee, warned deckhands Peter Oreskovich and Mansfield that continued solicitation of union pledge cards endangered the latters' jobs.

(3) Port captain Andy Ross interrogated employee Oreskovich concerning his union organizational activity and sought to learn from him the names of crews members who had already signed union pledge cards.

(4) Petitioner's president, Captain Noble Gordon, in speaking to the crew of the tugboat Martha Lynn, inferred that the employer would never agree to recognize the Union and indicated that the company would have granted wage increases if there had not been employee activity on behalf of the Teamsters Union.

(5) Petitioner granted employees a dollar-a-day wage increase four days after its president had spoken to the crew of the Martha Lynn and a month after the Union filed a representation petition. The Board found that the employer granted this wage increase to discourage support for the Union.

(6) Petitioner's supervisors solicited union activists Mansfield and Oreskovich to withdraw from the Union upon assurances of job security.

The record also disclosed that on February 14, 1968, the employer suspended employee Mansfield for thirty days for "feigning an illness which caused the Company a great deal of expense and inconvenience * * *." Mansfield was fired on April 9, 1968, for having threatened violence against one of the mates several months prior to either the suspension or the discharge. The Board determined that the suspension and discharge were motivated by the employer's anti-union bias. The Board dismissed petitioner's reasons for such disciplinary action as pretextual. Thus, the Board concluded that petitioner's conduct toward employee Mansfield violated §§ 8(a) (3) and (1) of the Act.

■■ The petitioner now challenges the Board's findings of fact. We have carefully reviewed the record as a whole. We deem a lengthy recitation of evidentiary details to be unnecessary. The employer disputed the general counsel's contentions and introduced testimony which conflicted with evidence produced by the general counsel. Credibility and probative value, of course, are matters primarily for the trial examiner. After reviewing the record and considering the credibility determinations made by the trial examiner, we find adequate and substantial evidence in the record as a whole to support the conclusions reached by the Board.

■ The petitioner also charges that the trial examiner unfairly limited its cross-examination of witnesses, displayed bias in favor of employee-witnesses for the general counsel and prejudged the case. We disagree. The trial examiner appears to have acted fairly and impartially toward both sides in the conduct of the hearing; he did not unduly limit petitioner's cross-examination of witnesses.

Accordingly, upon this record, the Board's findings of fact are conclusive. 29 U.S.C. §§ 160(e) and (f); Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

We grant enforcement of the Board's order.